# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY WILLIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-758 CAS |
| ) | |
| GLOBAL POWER GLOBAL WEALTH ) | |
| ENTERPRISES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on defendant Toni Mitchell's motion to set aside default judgment, which the Court construes as a motion to set aside the clerk's entry of default. The plaintiffs oppose the motion. For the following reasons the Court will grant defendant's motion.

Plaintiffs' complaint alleges that the defendants are jointly and severally liable for violations of federal and state securities laws, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(4), fraudulent misrepresentation, and civil conspiracy. The Clerk of Court issued a Clerk's Entry of Default against defendants Global Power Global Wealth Enterprises, LLC, Global Wealth Investments, LLC, Global Wealth Investments Group, LLC, Opportunity Lives, LLC, Andre Mitchell, and Toni Mitchell on June 12, 2006.[1] On October 12, 2006 Toni Mitchell filed a motion for extension of time to file an answer, which was denied without prejudice based on the entry of default. On October 17, 2006, Mitchell filed the instant motion.

---

[1] The Court vacated the Clerk's Entry of Default as to defendant Minnie Mitchell on August 1, 2006.

**Legal Standard**.

The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See <u>United States ex rel. Time Equipment Rental & Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993). Entry of default judgment is appropriate only where there is a clear record of delay or contumacious conduct. <u>Taylor v. City of Ballwin, Missouri</u>, 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" <u>Comiskey v. JFTJ Corp.</u>, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting <u>Edgar v. Slaughter</u>, 548 F.2d 770, 773 (8th Cir. 1977)).

Despite the disfavor in which courts view default judgments, an entry of default is not to be automatically set aside. The Federal Rules require that there be a showing of "good cause" to set aside an order of default. Fed. R. Civ. P. 55(c). Courts typically look at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998). The same factors are typically relevant in deciding whether to set aside entries of default and default judgments, but relief from a default judgment requires a stronger showing of excuse than does relief from a mere default order. <u>Id.</u>

**Discussion.**

In her motion to set aside default, Mitchell states that on August 14, 2006, she received notice that her husband, co-defendant Andre Mitchell, had been arrested in Kentucky for bank robbery. She further states that the following week she discovered that her husband had been intentionally concealing mail from this Court regarding the instant action. Having discovered that she was a defendant in this action, Mitchell states that she appeared <u>pro se</u> at the Rule 16 scheduling conference in this matter held on October 5, 2006, and soon after sought the assistance of counsel.

Plaintiffs argue that Mitchell's explanation for her default is without merit because it is not supported by sworn testimony in the form of an affidavit and does not explain why eight or nine weeks passed from the time she allegedly found the concealed correspondence from this Court and the time her counsel entered his appearance. Plaintiffs further state that they would be prejudiced if this Court vacated the default against Mitchell because both Toni Mitchell and Minnie Mitchell are represented by the same counsel, creating an opportunity for fraud and collusion.

The Court finds that under the relevant Johnson factors good cause exists to set aside the clerk's entry of default against Toni Mitchell. As to the first factor, the Court finds that the conduct of Toni Mitchell was not blameworthy or culpable. When Mitchell discovered that she was a party to this action, she appeared pro se at the Rule 16 conference. During the conference it was clear to the Court that Mitchell needed the assistance of counsel, and exactly one week later counsel entered an appearance on her behalf and attempted to file Mitchell's answer. As to the second factor, while Mitchell offers no argument or evidence as to a meritorious defense in her motion to set aside default, the Court looks to the proposed answer to the complaint which Mitchell has sought to file. In the proposed answer, in addition to denying many of plaintiffs' allegations, defendant offers seven affirmative defenses. The Court thus finds that there is evidence of a meritorious defense. As to the final Johnson factor, the Court finds plaintiffs' argument regarding an increased risk of fraud and collusion to be without merit. Because this action is still in its early stages, plaintiffs would not be

prejudiced if the default is set aside.[2]  Therefore, the Court finds that defendant Toni Mitchell's motion to set aside the clerk's entry of default should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Toni Mitchell's motion to set aside default judgment, construed as a motion to set aside the clerk's entry of default, is **GRANTED**.  [Doc. 45]

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default of June 12, 2006, is **VACATED** as to defendant Toni Mitchell only. [Doc. 16]

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default of June 12, 2006, remains in full force and effect with respect to the other defaulting defendants.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket defendant Toni Mitchell's Answer, which was filed as an attachment to defendant Toni Mitchell's First Motion for Extension of Time to File Answer. [Doc. 44].

---

[2]The Court notes that in addition to Toni Mitchell's failure to address the second factor in Johnson,  as pointed out by plaintiffs, defendant failed to submit an affidavit to support her assertions concerning the circumstances of the default.  These errors are compounded by defendant's premature filing of a motion for an extension of time to file an answer when a clerk's entry of default had been entered, and erroneously moving to set aside a default judgment rather than a clerk's entry of default.  See Rule 55(a), (b), Fed. R. Civ. P. Nonetheless, the Court is mindful of the policy favoring decisions on the merits rather than resolution of cases through default judgment and concludes defendant Mitchell's motion should be granted despite these deficiencies.  Counsel for defendant Mitchell, however,  is advised that the Court will not look favorably upon future filings that are incomplete or that do not comply with the local and federal rules.

**IT IS FURTHER ORDERED** that defendant Toni Mitchell shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **January 11, 2007**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of December, 2006.